**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**
**IN ADMIRALTY**

| | | |
|---|---|---|
| ARGONAUT INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case. No. 23-829 |
| v. | ) | |
| | ) | |
| WATER WORKS MARINE INC., and | ) | |
| WATERWORKS DOCK AND | ) | |
| BOATLIFTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFF ARGONAUT INSURANCE COMPANY'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, ARGONAUT INSURANCE COMPANY, by and through its undersigned counsel, pursuant to 28 U.S.C. §2201 and Rule 9(h) of the Federal Rules of Civil Procedure, as well as the Local Rules of the United States District Court for the Western District of Wisconsin, and for its Complaint for Declaratory Judgment respectfully alleges and states as follows:

**PARTIES, JURISDICTION, and VENUE**

1.  This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 *et seq*, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2.  Venue lies within the Western District of Wisconsin as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Insureds named therein, the Defendants,

WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC., alleged to be located at N3350 Hwy 35 in Stoddard, WI 54658.

3.    This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has subject-matter jurisdiction pursuant to Title 28 of the United States Code, §1333.

4.    Plaintiff, ARGONAUT INSURANCE COMPANY, (hereinafter "ARGONAUT") is a corporation organized and existing under the laws of the State of Illinois, with its office and principal place of business located in the State of Illinois.

5.    Upon information and belief, Defendant WATER WORKS MARINE, INC. is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business and agent for service of process in the State of Wisconsin.

6.    Upon information and belief, Defendant WATERWORKS DOCK AND BOATLIFTS, INC. is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business and agent for service of process in the State of Wisconsin.

## **FACTUAL ALLEGATIONS**

7.    In May 2019, ARGONAUT issued to Defendants WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. (collectively "WATER WORKS" or "the Insureds"), a policy of marine insurance, bearing Policy No. 726OM3500-00 (hereinafter "the Policy"), which incepted on May 29, 2029, and afforded various types of first-party and third-party coverage, subject to the terms, exclusions and conditions of the Policy, relating to a Pine Bend Tugboat and five barges.

8.    A true and correct copy of the Policy is attached hereto as Exhibit 2.[1]

_____

[1] The Civil Cover Sheet is attached hereto as Exhibit 1.

9.     The Policy states, in relevant part:

### COMMERCIAL LINES POLICY
### COMMON POLICY DECLARATIONS

**POLICY NO.:**      726OM3500-00

**NAMED INSURED AND ADDRESS:**          **PRODUCER:**
Water Works Marine, Inc.                Burns & Wilcox
Waterworks Dock and Boatlifts, Inc.     20700 SWENSON Drive,
N3350 Hwy 35                            Suite 450
Stoddard, WI 54658                      Waukesha, WI 53186
                                        Through        Marine
                                        Underwriters of America

**POLICY PERIOD:  From: 5/29/2019    To:  5/29/2020  at  12:01  A.M.
Standard time…**

10.    The Policy also states, in relevant part:

**MARINE GENERAL LIABILITY POLICY – DECLARATIONS**
…

**LIMITS OF LIABILITY**

| | |
|---|---|
| $2,000,000 | General Aggregate |
| $1,000,000 | Products – Completed Operations Aggregate |
| $1,000,000 | Personal and Advertising Injury |
| $1,000,000 | Each Occurrence |
| $50,000 | Damage to Premises Rented To You |
| $1,000 | Medical Expenses |

…

### HULL/PROTECTION AND INDEMNITY – DECLARATIONS
…

| Vessel Name and Description | … | P&I Limit |
|---|---|---|
| Vessel 1: Pine Bend Tugboat | … | $1,000,000 CSL |
| Vessel 2: 40'X10'X4' Barge | … | Included in above |
| Vessel 3: 40'X10'X4' Barge | … | Included in above |
| Vessel 4: 40'X10'X4' Barge | … | Included in above |
| Vessel 5: 40'X10'X4' Barge | … | Included in above |
| Vessel 6: 40'X10'X4' Barge | … | Included in above |

11.    On or about August 30, 2023, ARGONAUT received a tender of defense letter notifying it of a Complaint filed by Mitchell J. Stadler (hereinafter "Stadler") against the Insureds. A true and correct copy of the letter dated August 30, 2023 and the referenced Complaint are attached hereto as Exhibit 3.

12.    The Complaint alleges that Stadler is an American Seaman within the meaning of 46 U.S.C. § 688 (commonly referred to as the Jones Act). Ex. 3, at ¶8.

13.    The Complaint alleges that, at all times material thereto, Stadler was assigned to a vessel owned and operated by WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. and was in the course of his employment with either WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. as a Seaman. *Id.*, at ¶9.

14.    The Complaint alleges that on July 3, 2020, Stadler was injured while employed by WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC., and that WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. and Stadler were removing piles from the river at the time Stadler was injured. *Id.*, at ¶10.

15.    The Complaint alleges that, on July 3, 2020, Stadler and his supervisor were using a crane to remove piles from the river, when the crane's hydraulic line became tangled on the deck of the vessel, and that Stadler's supervisor then dislodged the tangled line, causing it to strike Stadler in the head and face, causing Stadler severe injury as a result. *Id.*, at ¶¶'s 11-12.

16.    The Complaint alleges that Stadler was struck in the face due to the negligence of WATER WORKS MARINE, INC. or WATERWORKS DOCK AND BOATLIFTS, INC.,

and/or its supervisors and employees, and that such negligence includes, but is not limited to, failing to properly store the hydraulic line, failing to provide and maintain safe equipment, failing to maintain a safe work environment, failing to make inspections, dislodging the hydraulic line in a negligent manner, and failure to warn. *Id.*, at ¶13.

17. The Complaint alleges that Stadtler was injured while in service of a vessel owned and operated by WATER WORKS MARINE, INC. or WATERWORKS DOCK AND BOATLIFTS, INC., or both. *Id.*, at ¶¶'s 9, 16.

18. In short, the Complaint alleges that on or about July 3, 2020, Stadtler was employed by the Defendants aboard a vessel owned and operated by one of the Defendants when he sustained injuries due to the Defendants' negligence. *See* Ex. 3, at ¶¶'s 8-16.

19. At the time he suffered injury, Stadtler was an employee and/or crewmember of WATER WORKS MARINE, INC. or WATERWORKS DOCK AND BOATLIFTS, INC., or both.

20. The Complaint alleges that Stadtler was an employee and/or crewmember of WATER WORKS MARINE, INC. or WATERWORKS DOCK AND BOATLIFTS, INC., or both.

21. The Complaint alleges that WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC., are liable for Stadtler's injuries.

22. On August 30, 2023, WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. submitted a claim to ARGONAUT for defense and indemnification against the claims asserted by Stadtler.

23. The August 30, 2023 letter was the first notice ARGONAUT received of the alleged July 3, 2020 incident.

24. Following ARGONAUT's first notice of the filing of the lawsuit by Stadtler, ARGONAUT caused a full investigation to be undertaken into the causes and circumstances of the alleged July 3, 2020 incident.

25. The said investigation established that the July 3, 2020 incident occurred outside the policy period of Policy No. 726OM3500-00.

26. The said investigation established that, at the time he suffered injury, Stadtler was an employee and/or crewmember of WATER WORKS MARINE, INC. and/or WATERWORKS DOCK AND BOATLIFTS, INC.

27. The said investigation established that none of the medical expenses claimed by Stadtler were reported to ARGONAUT within one year of the injury suffered.

28. The said investigation established that WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. failed to provide prompt notice of the July 3, 2020 to ARGONAUT.

29. Notwithstanding the facts established by ARGONAUT's investigation, WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC., have made and continue to make a claim against ARGONAUT for defense and indemnification under the terms of the Policy.

## **FIRST CAUSE OF ACTION**

30. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 29 as if set forth fully herein.

31. The Policy states, in pertinent part:

**POLICY PERIOD: From: 5/29/2019    To: 5/29/2020 at 12:01 A.M. Standard time…**

…

## **SECTION I – MARINE OPERATIONS**

1. Insuring Agreement

    A. Marine Contractor's Legal Liability

       …

    B.  We will have the right and duty to defend the insured against any "Suit" seeking damages covered by the insuring agreement in Section I. We may, at our discretion, investigate any "Occurrence" and settle any claim or "Suit" that may result. But, …

       3) We will have no duty to defend the insured against any claim or "Suit" seeking damages to which this insurance does not apply.

    …

    C.  This insurance applies to "Bodily Injury" and "Property Damage" only if:

    …

       2) The "Bodily Injury" or "Property Damage" occurs during the policy period.

32.    All of the claims asserted by Stadtler stem from an incident which occurred on July 3, 2020, outside the policy period of Policy No. 726OM3500-00.

33.    Notwithstanding the lack of any coverage under the Policy, WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. have made and continue to make a demand for defense and indemnification against the claims asserted by Stadtler.

34.    As a result of the aforesaid lack of coverage under the Policy, ARGONAUT has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of the Policy.  Until such time as ARGONAUT is able to have its rights and responsibilities under the Policy construed by this Court, ARGONAUT will suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

35.   As a result of the demands for defense and indemnification by WATER WORKS
      MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. under the terms
      of the Policy, and as a result of the lack of any coverage for the loss under the facts and
      circumstances described herein, a real and justiciable issue exists with respect to the
      existence of valuable rights under the terms of the Policy, and a bona fide, actual and
      present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION

36.   Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through
      35 as if set forth fully herein.

37.   The Policy states, in pertinent part:

### SECTION II – GENERAL LIABILITY

1. Insuring Agreement

A.  The Company will pay those sums that the insured becomes legally
obligated to pay as damages because of **Bodily Injury** or **Property
Damage** to which this insurance applies.

B. The Company will have the right and duty to defend the insured against
any **Suit** seeking those damages. The Company may, at their discretion,
investigate any **Occurrence** and settle any claim or **Suit** that may result.
But,

…

3) The Company will have no duty to defend the insured against
any claim or **Suit** seeking damages to which this insurance does not
apply.
…

C.  This insurance applies to **Bodily Injury** and **Property Damage** only if:
…
2) The **Bodily Injury** or **Property Damage** occurs during the policy period.

38.   All of the claims asserted by Stadtler stem from an incident which occurred on July 3,
      2020, outside the policy period of Policy No. 726OM3500-00.

8

39.   Notwithstanding the lack of any coverage under the Policy, WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. have made and continue to make a demand for defense and indemnification against the claims asserted by Stadtler.

40.   As a result of the aforesaid lack of coverage under the Policy, ARGONAUT has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of the Policy.  Until such time as ARGONAUT is able to have its rights and responsibilities under the Policy construed by this Court, ARGONAUT will suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

41.   As a result of the demands for defense and indemnification by WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. under the terms of the Policy, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the Policy, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

**THIRD CAUSE OF ACTION**

42.   Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 41 as if set forth fully herein.

43.   The Policy states, in pertinent part:

**SECTION II – GENERAL LIABILITY**

1. Insuring Agreement

A.  The Company will pay those sums that the insured becomes legally obligated to pay as damages because of **Bodily Injury** or **Property Damage** to which this insurance applies.
…

2. Exclusion

This insurance does not apply to:

A. Watercraft

**Bodily Injury** or **Property Damage** arising out of the ownership, maintenance, use or entrustment of others of any watercraft owned or operated by or rented or loaned to any insured. Use includes **Loading or Unloading**.

44.    Stadtler's injuries arose out of the use of a vessel owned or operated by WATER WORKS MARINE, INC. or WATERWORKS DOCK AND BOATLIFTS, INC, and as such are specifically excluded under the Policy.

45.    Notwithstanding the lack of any coverage under the Policy, WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. have made and continue to make a demand for defense and indemnification against the claims asserted by Stadtler.

46.    As a result of the aforesaid lack of coverage under the Policy, ARGONAUT has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of the Policy. Until such time as ARGONAUT is able to have its rights and responsibilities under the Policy construed by this Court, ARGONAUT will suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

47.    As a result of the demands for defense and indemnification by WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. under the terms of the Policy, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the Policy, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## FOURTH CAUSE OF ACTION

48.    Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through

  48 as if set forth fully herein.

49.    The Policy states, in pertinent part:

## SECTION II – GENERAL LIABILITY

1. Insuring Agreement

   A.  The Company will pay those sums that the insured becomes legally obligated to pay as damages because of **Bodily Injury** or **Property Damage** to which this insurance applies.

   B. The Company will have the right and duty to defend the insured against any **Suit** seeking those damages. The Company may, at their discretion, investigate any **Occurrence** and settle any claim or **Suit** that may result. But,
      …

      3) The Company will have no duty to defend the insured against any claim or **Suit** seeking damages to which this insurance does not apply.
      …

2. Exclusion

This insurance does not apply to:
      …

   G. Employer's liability

   **Bodily injury** to:

   1) An **Employee** of the insured arising out of and in the course of:

      a) Employment by the Insured; or

      b) Performing duties related to the conduct of the insured's business;

50.    At the time of the incident, Stadtler was an employee of WATER WORKS MARINE, INC.

  and WATERWORKS DOCK AND BOATLIFTS, INC.

51.    Stadtler's injuries were suffered in the course of his employment by WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC., and as such are specifically excluded under the Policy.

52.    Stadtler's injuries were suffered while performing duties related to the conduct of WATER WORKS MARINE, INC.'s and WATERWORKS DOCK AND BOATLIFTS, INC.'s business.

53.    Notwithstanding the lack of any coverage under the Policy, WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC have made and continue to make a demand for defense and indemnification against the claims asserted by Stadtler.

54.    As a result of the aforesaid lack of coverage under the Policy, ARGONAUT has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of the Policy.  Until such time as ARGONAUT is able to have its rights and responsibilities under the Policy construed by this Court, ARGONAUT will suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

55.    As a result of the demands for defense and indemnification by WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. under the terms of the Policy, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the Policy, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## FIFTH CAUSE OF ACTION

56.    Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through

55 as if set forth fully herein.

57.    The Policy states, in pertinent part:

### SECTION IV – MEDICAL EXPENSES

1. Insuring Agreement

A.  The Company will pay medical expenses as described below for Bodily
Injury caused by an accident:

…

3) Because of the Named Insured's operations; provided that:

a) The accident takes place in the Coverage Territory and
during the policy period;

58.    All of the claims asserted by Stadtler stem from an incident which occurred on July 3,

2020, outside the policy period of Policy No. 726OM3500-00.

59.    Notwithstanding the lack of any coverage under the Policy, WATER WORKS MARINE,

INC. and WATERWORKS DOCK AND BOATLIFTS, INC have made and continue to

make a demand for defense and indemnification against the claims asserted by Stadtler.

60.    As a result of the aforesaid lack of coverage under the Policy, ARGONAUT has sustained

actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage

afforded under the terms of the Policy.  Until such time as ARGONAUT is able to have its

rights and responsibilities under the Policy construed by this Court, ARGONAUT will

suffer uncertainty with respect to its responsibilities and obligations under the terms of the

Policy.

61. As a result of the demands for defense and indemnification by WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. under the terms of the Policy, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the Policy, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SIXTH CAUSE OF ACTION

62. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 61 as if set forth fully herein.

63. The Policy states, in pertinent part:

### SECTION IV – MEDICAL EXPENSES

1. Insuring Agreement

   A. The Company will pay medical expenses as described below for Bodily Injury caused by an accident:

   …

   3) Because of the Named Insured's operations; provided that:
   …

      b) The expenses are incurred and reported to the Company within one year of the date of the accident;

64. The expenses pertaining to Stadtler's injuries were not reported to ARGONAUT within one year of July 3, 2020.

65. Notwithstanding the lack of any coverage under the Policy, WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC have made and continue to make a demand for defense and indemnification against the claims asserted by Stadtler.

14

66.     As a result of the aforesaid lack of coverage under the Policy, ARGONAUT has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of the Policy.  Until such time as ARGONAUT is able to have its rights and responsibilities under the Policy construed by this Court, ARGONAUT will suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

67.     As a result of the demands for defense and indemnification by WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. under the terms of the Policy, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the Policy, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SEVENTH CAUSE OF ACTION

68.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 67 as if set forth fully herein.

69.     The Policy states, in pertinent part:

### SECTION IV – MEDICAL EXPENSES

1. Insuring Agreement

   A.  The Company will pay medical expenses as described below for Bodily Injury caused by an accident:

            …

2. Exclusions

The Company will not pay expenses for Bodily Injury:

        …

15

B. To a person hired to do work for or on behalf of any insured or a tenant of any insured.

70.    At the time of the incident, Stadtler was employed aboard a vessel owned and operated by WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC.

71.    Notwithstanding the lack of any coverage under the Policy, WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC have made and continue to make a demand for defense and indemnification against the claims asserted by Stadtler.

72.    As a result of the aforesaid lack of coverage under the Policy, ARGONAUT has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of the Policy.  Until such time as ARGONAUT is able to have its rights and responsibilities under the Policy construed by this Court, ARGONAUT will suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

73.    As a result of the demands for defense and indemnification by WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. under the terms of the Policy, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the Policy, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## EIGHTH CAUSE OF ACTION

74.    Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 73 as if set forth fully herein.

75.    The Policy states, in pertinent part:

### PROTECTION AND INDEMNITY CLAUSES – SP 38
### (1955)

…

In consideration of the premium and subject to the warranties, terms and conditions herein mentioned, this Company hereby undertakes to pay up to the amount hereby insured and in conformity with the Loss Payable provisions hereof, such sums as the Assured, as owner of the vessels described on the Declarations Page shall have become legally liable to pay and shall have paid on account of:

a) Loss of life of, or injury to, or illness of, any person;

b) Hospital, medical, or other expenses necessarily and reasonably incurred in respect of loss of life of, injury to, or illness of any member of the crew of the vessel named herein;

…

Warranted that in the event of any occurrence which could result in a claim under this policy the Assured promptly will notify this Company upon receiving notice thereof and forward to this Company as soon as practicable all communications, processes, pleadings or other legal papers or documents relating to such occurrence.

…

### AMERICAN INSTITUTE HULL CLAUSES COVERAGE FORM
### (June 2, 1977)

…

**CLAIMS (GENERAL PROVISIONS)**
In the event of any accident or occurrence which could give rise to a claim under this Policy, prompt notice thereof shall be given to the Underwriters…

76.    WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. first informed ARGONAUT of the July 3, 2020 incident in which Stadtler was allegedly injured on August 30, 2023.

77.    As such, WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. failed to promptly notify ARGONAUT of the incident on July 3, 2020.

78. Notwithstanding the lack of any coverage under the Policy, WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. have made and continue to make a demand for defense and indemnification against the claims asserted by Stadtler.

79. As a result of the aforesaid lack of coverage under the Policy, ARGONAUT has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of the Policy.  Until such time as ARGONAUT is able to have its rights and responsibilities under the Policy construed by this Court, ARGONAUT will suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

80. As a result of the demands for defense and indemnification by WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. under the terms of the Policy, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the Policy, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## NINTH CAUSE OF ACTION

81. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 80 as if set forth fully herein.

82. The Policy states, in pertinent part:

### PROTECTION AND INDEMNITY CLAUSES – SP 38
### (1955)

**Assured**: A Described on the Declarations Page

Loss, if any, payable to Assured or order.

In consideration of the premium and subject to the warranties, terms and conditions herein mentioned, this Company hereby undertakes to pay up to the amount hereby insured and in conformity with the Loss Payable provisions hereof, such sums as the Assured, as owner of the vessels described on the Declarations Page shall have become legally liable to pay and shall have paid on account of:

  a) Loss of life of, or injury to, or illness of, any person;
  b) Hospital, medical, or other expenses necessarily and reasonably incurred in respect of loss of life of, injury to, or illness of any member of the crew of the vessel named herein;
  …

No action shall lie against this Company for the recovery of any loss sustained by the Assured unless such action is brought within one year after the entry of any final judgment or decree in any litigation against the Assured, or in the event of a claim without the entry of such final judgment or decree, unless such action is brought within one year from the date of such claim.

83.  WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. first informed ARGONAUT of the July 3, 2020 incident in which Stadtler was allegedly injured on August 30, 2023.

84. As such, WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. failed to bring an action against ARGONAUT within one year of the date of the claim.

85.  Notwithstanding the lack of any coverage under the Policy, WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. have made and continue to make a demand for defense and indemnification against the claims asserted by Stadtler.

86.  As a result of the aforesaid lack of coverage under the Policy, ARGONAUT has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of the Policy.  Until such time as ARGONAUT is able to have its rights and responsibilities under the Policy construed by this Court, ARGONAUT will

suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

87. As a result of the demands for defense and indemnification by WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. under the terms of the Policy, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the Policy, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## TENTH CAUSE OF ACTION

88. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 87 as if set forth fully herein.

89. The Policy states, in pertinent part:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**CREW AND CONTRACTORS/SUBCONTRACTORS EXCLUSION**

This endorsement modifies insurance provided under the following:

**PROTECTION AND INDEMNITY FORM**

In consideration of the Premium charged, it is understood and agreed that the Protection and Indemnity Policy excludes any bodily injury, death, loss, damage, claims or expense with respects to employees of the Assured and/or members of the crew and contractors/subcontractors of the Vessel insured hereunder.

90. At the time of the incident, Stadtler was employed aboard a vessel owned and operated by WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC.

91.   Stadtler's injuries were suffered in the course of his employment by WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC.

92.   Notwithstanding the lack of any coverage under the Policy, WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. has made and continues to make a demand for defense and indemnification against the claims asserted by Stadtler.

93.   As a result of the aforesaid lack of coverage under the Policy, ARGONAUT has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of the Policy.  Until such time as ARGONAUT is able to have its rights and responsibilities under the Policy construed by this Court, ARGONAUT will suffer uncertainty with respect to its responsibilities and obligations under the terms of the Policy.

94.   As a result of the demands for defense and indemnification by WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC. under the terms of the Policy, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the Policy, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court as follows:

(A)   Declaring that Policy No. 726OM3500-006 affords no coverage for the claims asserted by Stadtler against WATER WORKS MARINE, INC. and WATERWORKS DOCK AND BOATLIFTS, INC.;

(B)     Declaring that Policy No. 726OM3500-006 does not obligate ARGONAUT to

defend or indemnify WATER WORKS MARINE, INC. and WATERWORKS

DOCK AND BOATLIFTS, INC. against the claims asserted by Stadtler;

(C)     Any and all such other and further relief as the Court may deem proper and

appropriate in the premises.

Dated at Waukesha, Wisconsin this 4th day of December 2023.

GRADY, HAYES & NEARY, LLC
Attorneys for Plaintiff Argonaut Insurance Company

*Electronically Signed By Todd D. Jex*
Lance S. Grady
State Bar No. 1012521
lsg@ghnlawyers.com
Todd D. Jex
State Bar No. 1035291
tdj@ghnlawyers.com

**P.O. ADDRESS:**
N14 W23777 Stone Ridge Drive
Suite 200
Waukesha, WI 53188
Phone: (262) 347-2001
Fax: (262) 347-2205